IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION NO. 1:08cr87WJG-RHW-2

JOE C. RUDOLPH

O R D E R

THIS CAUSE is before the Court on motion [29] of Defendant Joe C. Rudolph to sever his trial from that of his co-defendant, Nealie M. Rudolph. A ten-count indictment charges the Rudolphs with allegedly presenting false claims to the Federal Emergency Management Agency and other government agencies for disaster assistance. (Ct. R., Doc. 1.) In Count 7 of the Indictment, Joe Rudolph and his wife, Nealie Rudolph, are charged with knowingly and willfully making or causing to be made a false and fraudulent material statement that they occupied the residence at 6742 Anna Avenue, Moss Point, Mississippi at the time Hurricane Katrina struck. (*Id*., p. 3.) The Indictment charges that the Rudolphs were not living at the Moss Point address indicated above at the time of Hurricane Katrina. (*Id*.)

Joe Rudolph asserts that because he is not charged in the other counts of the indictment, he would be forced to go to trial with a "bad person" as a co-defendant, and would be greatly prejudiced by going to trial with the co-defendant. (Ct. R., Doc. 30, p. 3.) He contends that the complexity of the evidence which will be presented at trial will cause the jury to be unable to focus on the evidence which applies to each defendant. (*Id*.) Joe Rudolph maintains that any

prejudice suffered by this alleged disparity in evidence cannot be cured with jury instructions. (*Id.*)

In a supplement to the motion to sever, Joe Rudolph contends that these defendants should be severed because Nealie Rudolph would testify that Joe Rudolph did not misrepresent his primary residence on the application. (Ct. R., Doc. 42, p. 1.) He further argues that in the event Nealie Rudolph invokes her right against self-incrimination and does not testify, Joe Rudolph would be denied the right to put forth this exculpatory testimony. (*Id.*, p. 2.) Joe Rudolph claims that Nealie Rudolph's testimony is critical to show that he did, in fact, reside at the Moss Point residence at the time of the hurricane. (*Id.*)

Nealie Rudolph filed a joinder to the motion to sever in which she indicates she would provide exculpatory testimony on Joe Rudolph's behalf if severance were granted, but a joint trial prevents her being called to the stand on his behalf. (Ct. R., Doc. 43, p. 1.) There is no other evidence accompanying the motion and no affidavit is presented from Nealie Rudolph outlining the exact nature of her testimony on Joe Rudolph's behalf, if any, which would be presented during trial. (*Id.*)

The United States asserts that a severance should be granted only if the defendant identifies a specific and compelling prejudice against which the district court cannot provide protection and which would result in an unfair trial, and that there be a serious risk that a joint trial would compromise a specific trial right of one of the defendants. (Ct. R., Doc. 33, p. 1.)

A motion for severance should be granted only if one of the defendants demonstrate serious risk that a joint trial would compromise a specific trial right of one of the defendants. *Zafiro v. United States*, 506 U.S. 534, 538-9 (1993). Persons indicted together generally should

be tried together. *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998), *reh'g & suggestion for reh'g en banc denied* 144 F.3d 53; & *cert. denied*, 525 U.S. 909. A defendant is not entitled to a severance merely because the evidence against a co-defendant is more damaging than the evidence against the other defendant. *United States v. Bieganowski*, 313 F.3d 264, 288 (5th Cir. 2002), *cert. denied* 538 U.S. 1014 (2003). Defendants are to be tried together if their indictments arise out of a common set of circumstances, even if there is a disparity in the quantum of the evidence. *See United States v. Cortinas*, 142 F.3d 242, 252 (5th Cir. 1998).

The granting of a motion for severance under Rule 14 of Federal Rules of Criminal Procedure is discretionary with the court. *United States v. Faulkner,* 17 F.3d 745, 758 (5th Cir. 1994), *reh'g & suggestion for reh'g en banc denied* 21 F.3d 1110; & *cert. denied*, 513 U.S. 870, & *reh'g dismissed* 513 U.S. 1105 (1995). The Court must determine if actual prejudice to the defendant is demonstrated, and must balance this consideration against the interests of judicial economy. *United States v. Cuesta*, 597 F.2d 903, 919 (5th Cir.), *cert. denied*, 444 U.S. 964 (1979). Federal Rule of Criminal Procedure 14 provides in pertinent part as follows:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election of separate trials of counts, grant a severance of defendants or provide whatever relief justice requires.

Multiple defendants can be joined in the same indictment provided "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." FED. R. CRIM. P. 8(b). The purpose of the rule is to promote judicial economy and efficiency by avoiding multiple trials where the avoidance is accomplished without substantial prejudice to the right of a defendant to a fair trial. *United*

*States v. Ballis*, 28 F.3d 1399, 1407 (5th Cir. 1994), *reh'g & suggestion for reh'g en banc denied*, 39 F.3d 322 (October 17, 1994).[1]

"The mere presence of a spillover effect does not ordinarily warrant severance." *United States v. Sparks*, 2 F.3d 574, 583 (5th Cir. 1993), *cert. denied* 510 U.S. 1080 (1994). A quantitative disparity in the evidence "is clearly insufficient in itself to justify severance." *United States v. Harrelson*, 754 F.2d 1153, 1175 (5th Cir. 1985), *cert. denied* 474 U.S. 1034. The mere presence of evidence which is more damaging to one defendant than another does not warrant severance of a trial. *Cortinas*, 142 F.3d at 252. A court can instruct the jury to separately consider the evidence offered against each defendant. *United States v. Walters*, 87 F.3d 663, 670 (5th Cir. 1996), *cert. denied* 519 U.S. 1000. Precise instructions to the jury regarding admissibility and proper uses of evidence will render a fair and impartial verdict to each defendant. *Walters*, 87 F.3d at 670. In addition, the fact that defendants are related does not demonstrate the necessary prejudice to justify a severance of the trial of those defendants. *United States v. Bermea*, 30 F.3d 1539, 1573 (5th Cir. 1994).

A defendant must make a threshold showing of four factors before a court can consider granting a severance to introduce exculpatory testimony of a co-defendant: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed. *United States v. Daly*, 756 F.2d 1076, 1080 (5th Cir. 1985), 474 U.S. 1022. In this case there is nothing from Nealie Rudolph which shows the substance of her proposed testimony that Joe Rudolph was living at the subject

---

[1] For a discussion of specific reasons for denial of severance *see generally*, *United States v. Cortinas*, 142 F.3d 242, 252 (5th Cir. 1998), *reh'g denied* July 20, 1998, & *cert. denied* 525 U.S. 897.

address at the time of Hurricane Katrina nor the exculpatory value of any such testimony. Furthermore, there is nothing in the record to establish that Nealie Rudolph would in fact testify on behalf of Joe Rudolph if the cases were severed, other than her attorney's assertions in the motion for joinder. The Court concludes that a severance clearly is not warranted on this basis. After consideration of the evidence before the Court, there is no showing in Defendant's motion of the extent of prejudice necessary to require severance. It is, therefore,

ORDERED that Defendant Joe C. Rudolph's motion [29] to sever be, and is hereby, denied.

SO ORDERED, this the 21st day of January, 2009.

                                           *Walter J. Gex III*
                                    UNITED STATES SENIOR DISTRICT JUDGE