IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA

VERSUS                                                   1:08cr87WJG-RHW-2

JOE C. RUDOLPH


O R D E R


THIS MATTER is before the Court on motion [48] of Defendant Joe C. Rudolph to file

an out-of-time notice of intent to introduce expert evidence of Defendant's mental condition

under the provisions of Federal Rule of Criminal Procedure 12.2(b), and Defendant's motion

[58] to strike the response [57] of the United States of America [United States] to Defendant's

motion.  Also pending before the Court is the motion [ 60] of the United States' for a mental

examination of Defendant to be conducted by the Bureau of Prisons. Upon consideration of the

motions, responses, the telephone conference held by the Court with counsel regarding this and

other matters pending in this cause, and the record in this matter, the Court finds that Defendant's

motion for leave to file notice of expert opinion is well-taken and should be granted; Defendant's

motion to strike the United States' response should be denied as moot; and the United States'

motion for a mental examination of Defendant should be held in abeyance at this time.

In his motion, Defendant requests that the Court accept Dr. Bill Gasparrini's report

regarding the results of reading and other tests administered by him to evaluate Defendant's

literacy level, and well as his reading comprehension level.  Defendant claims this test is needed

to show that he did not have the ability to understand the grant application at issue in this cause, and therefore, "could not form the intent necessary to commit the crime for which he has been charged." (Ct. R., Doc. 48, p. 2.) The United States responds that Defendant should be committed to the custody of the Bureau of Prisons for a competency examination pursuant to Federal Rule of Criminal Procedure 12.2(c)(1)(B) and 18 U.S.C. §§ 4242 and 4247. (Ct. R., Doc. 57.) Defendant subsequently filed his motion to strike the response of the United States stating that the United States did not respond to his motion but merely made a request that should have been made in a separate motion. (Ct. R., Doc. 58.) Defendant further clarifies in his motion to strike that Gasparrini will opine only regarding Defendant's reading and intelligence levels, and will not address Defendant's competency to stand trial or his ability to determine right from wrong. (*Id.*. p. 2.) The United States has since filed a separate motion for a mental examination of the Defendant to be conducted by the Bureau of Prisons. (Ct. R., Doc. 60.)

The Court determines that Defendant's motion for leave should be granted, and that Gasparrini's report shall be strictly limited to evaluating Defendant's reading and intelligence levels. Defendant shall provide copies of Gasparrini's report to the United States immediately upon receipt of same. The United States shall have five business days after receipt of Gasparrini's report to advise the Court of its intent to proceed with a designation of a local expert, or to proceed with its motion for psychiatric examination by the Bureau of Prisons. It is therefore,

ORDERED that Defendant's motion [48] for leave to file an out-of-time notice of intent to introduce expert evidence of a mental condition, be and is hereby, granted. It is further,

ORDERED that Defendant shall forward a copy of his expert's report immediately upon receipt to the United States. It is further,

ORDERED that the United States shall, within five business of its receipt of Defendant's expert's report, advise the Court of its intent to retain a local expert, or to proceed with its motion for a competency hearing under the direction of the Bureau of Prisons. It is further,

ORDERED that Defendant's motion [58] to strike be, and is hereby, denied as moot. It is further,

ORDERED that the United States motion [60] for Defendant's mental examination be held in abeyance until further order of this Court.

SO ORDERED this the 27th day of January, 2009.


_____
*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE