IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA

VERSUS                                                      CRIMINAL NO. 1:08cr87WJG-RHW-2

JOE C. RUDOLPH

O R D E R

THIS CAUSE is before the Court on motion [73] of Defendant, Joe C. Rudolph, to direct the United States Marshals Service [USMS] to serve trial subpoenas [73] and to provide transportation for witness.  Rudolph was found to be financially unable to obtain counsel and qualified for court appointed counsel earlier during the course of this case.  (Ct. R., Doc. 13.)  Rudolph indicates that he is unable to pay a process server for the trial subpoenas for witnesses he intends to call at his trial.  (Ct. R., Doc. 73, p. 1.)  In addition, one of the witnesses, Theresa Outlaw, does not have transportation to travel from Moss Point, Mississippi, to Gulfport, Mississippi, for the trial of this matter, and Rudolph seeks an order from the Court requiring the USMS to transport Outlaw to and from the United States District Court for the Southern District of Mississippi during Rudolph's trial.  (*Id*., p. 2.)  In response to the motion, the United States indicates no objection to the request to the extent that the request falls within the duties of the USMS.  (Ct. R., Doc. 74.)  Under Federal Rule of Criminal Procedure 17(b), an indigent may have the right to have witnesses subpoenaed at the expense of the United States provided the defendant shows an inability to pay the witness' fees and the necessity of the witness' presence for an adequate defense.  FED.R.CRIM.P. 17(b).

As a threshold matter, an indigent seeking a Rule 17(b) subpoena must allege facts that, if true, demonstrate "the necessity of the requested witness' testimony." Counsel for Rudolph submitted to the Court *ex parte* the reasons the requested testimony is necessary from each witness he seeks to have served with process by the USMS. *See United States v. Hegwood,* 562 F.2d 946, 952 (5th Cir. 1977) *cert. denied,* 434 U.S. 1079 (1978). The Court finds that the witnesses submitted meet the criteria under Federal Rule of Criminal Procedure 17(b) for the issuance of the subpoenas. Accordingly, the Court finds that the USMS should be directed to serve the subpoenas prepared by Rudolph for witnesses for the trial.

Rudolph also seeks an order requiring the USMS to provide transportation for Theresa Outlaw to appear as a witness on Rudolph's behalf. The Court finds that providing transportation for a witness is outside the scope of the duties of the USMS. An indigent defendant may request the payment of services other than counsel under 18 U.S.C. § 3006A(e)(1). Expenses are allowable to the extent they are of a type routinely billed to a client, and are enumerated under 28 U.S.C. § 1920. The Court, therefore, finds that transportation costs, such as cab fare, to permit the appearance of the witness Theresa Outlaw should be granted. It is therefore,

ORDERED AND ADJUDGED that the motion [73] for issuance of subpoenas and transport of a witness by the USMS is granted in part, and denied in part. It is further,

ORDERED AND ADJUDGED that the portion of the motion for a Court order requiring the USMS to issue subpoenas be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that the portion of the motion for a Court order requiring the USMS to transport Theresa Outlaw to the trial of this matter be, and is hereby, denied. Any

costs incurred in transporting Outlaw to trial for testimony should be submitted to the Court by appropriate voucher, and in accordance with applicable law, rules and guidelines.

SO ORDERED AND ADJUDGED this the 9th day of February, 2009.

                                                  *Walter J. Gex III*
                                UNITED STATES SENIOR DISTRICT JUDGE