IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                    CRIMINAL NO. 1:08cr87WJG-RHW-2

JOE C. RUDOLPH

O R D E R

THIS CAUSE is before the Court on the motion [60] of the United States of America [United States] for psychiatric exam and a renewed motion [76] for mental examination of Defendant Joe C. Rudolph. In response to a notice submitted pursuant to Federal Rule of Criminal Procedure 12.2(b) that Rudolph intended to offer expert evidence relating to a mental disease or defect which may bear on the issue of guilt, the United States filed two motions for mental examination. (Ct. R., Docs. 60, 76.) The United States seeks to transport Rudolph to a suitable federal medical facility for mental examination. (Ct. R., Doc. 60, p. 2.) The United States further contends that the possibility of Rudolph's competency to stand trial should be examined along with his ability to form intent to commit the alleged crime. (Ct. R., Doc. 76, p. 1.) At this point, Defendant's expert, Dr. William Gasparrini, outlines his findings in his psychological assessment of Rudolph, there is no indication of what, if any, testimony will be offered from the report.

The United States seeks to transport Rudolph to a federal medical facility for an examination. (Ct. R., Docs. 60, 76.) Under the Fourteenth Amendment, every person is

protected from the deprivation of his liberty without due process of law. A person accused of a crime should not be deprived of personal liberty unless his confinement is reasonably necessary to assure his presence at trial or to protect some other important governmental interest. *In re Newchurch*, 807 F.2d 404, 408-9 (5th Cir. 1986). Although the Court has the power to order an examination of Defendant and commit him to the custody of the attorney general for that purpose, under the facts in this case, the purpose of the information outlined in Gasparrini's report is unclear. As such, the Court concludes that the United States' motion to order a mental examination of Rudolph at a federal facility should be denied. The United States, of course, may offer testimony if deemed necessary to counter any expert testimony by Gasparrini.

The Court, therefore, concludes that a pretrial evidentiary hearing should be set to elicit the parameters of Gasparrini's expert testimony, and to determine the admissibility of that testimony. *See i.e. United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003); *United States v Newman*, 849 F.2d 156, 163-66 (5th Cir. 1988). It is therefore,

ORDERED that the motion [60] of the United States for psychiatric exam and a renewed motion [76] for mental examination of Rudolph be, and are hereby, denied. It is further,

ORDERED that a pretrial evidentiary hearing to determine the parameters and admissibility of the testimony of Gasparrini be set on Tuesday, February 17, 2009, at 1:30 P.M., in Courtroom 583, 2012 15th Street, Gulfport, Mississippi.

SO ORDERED this the 10th day of February, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE